IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

EASTERN ALLIANCE INSURANCE
COMPANY,

    Plaintiff

v.                                        Case No. 1:24-cv-01151-RDA-IDD

NCC PS ENTERPRISES, LLC

    Defendant

---

## AMENDED COMPLAINT

Plaintiff Eastern Alliance Insurance Company ("Eastern"), by counsel, hereby files this amended complaint and states as follows:

1. Eastern is a corporation organized under the laws of Pennsylvania with its principal place of business in Pennsylvania.

2. Upon information and belief, NCC PS Enterprises, LLC ("NCC PS") is a limited liability company organized under the laws of Delaware with its principle place of business in California.

3. The amount in controversy exceeds $75,000.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the alleged events giving rise to this dispute occurred in this District.

6. Pursuant to 28 U.S.C. § 2201, Eastern seeks a declaration of the parties' rights and obligations under the worker's compensation and employer's liability insurance policy at issue in this proceeding.

7. This insurance coverage dispute arises out of a lawsuit filed by Mary MacDonald against PCS EE, which was captioned *Mary MacDonald v. NCS PS Enterprises, LLC, et al.*, Case No. CL00103726-00 (the "First Underlying Lawsuit"), which was pending in the Circuit Court for Loudoun County, Virginia, a second lawsuit filed by Mary MacDonald ("MacDonald") against PCS EE, which was captioned *Mary MacDonald v. NCS PS Enterprises, LLC, et al.*, Case No. CL00113573-00 (the "Second Underlying Lawsuit"), which was pending in the Circuit Court for Loudoun County, Virginia, and a proceeding currently pending before the Virginia Worker's Compensation Commission, which is captioned *Mary MacDonald v. NC EE, LLC, et al*, Docket ID VA020000039843 (the "Underlying Proceeding").

8. The First and Second Lawsuits and Underlying Proceeding all arise out of an alleged fall sustained by MacDonald on September 6, 2014 at The National Conference Center (the "Center") located at 18920 Upper Belmont Place, Leesburg, Virginia (the "Incident").

9. On or about September 2, 2016, MacDonald filed the First Lawsuit against NCC PS, as the alleged owner of the Center, seeking damages arising from the Incident.

10. The First Lawsuit was subsequently nonsuited.

11. On or about February 9, 2018, MacDonald filed the Second Lawsuit against NCC PS, as the owner of the Center, seeking damages arising from the Incident. The Complaint filed in the Second Lawsuit is incorporated herein and appears in the record as ECF 1-2.

12. In the Second Lawsuit, Plaintiff alleged, among other things, that NCC PS breached its duty to maintain the Center in a reasonably safe condition, causing her to fall and sustain bodily injuries.

13. On January 9, 2019, NCC PS filed a Plea in Bar in the Second Lawsuit, seeking dismissal on the basis that, because MacDonald was a statutory employee of NCC PS pursuant to Virginia Code Section 65.2-302, and because her injuries arose out of and in the course of her employment with NCC PS, MacDonald's exclusive remedy for her alleged injuries fell within the Worker's Compensation Act.

14. Thereafter, NCC PS and MacDonald entered into an Agreed Order stating that MacDonald was a statutory employee of NCC PS and her injuries arose out of and in the course of her employment with NCC PS ("Agreed Order"). The Agreed Order is incorporated herein and appears in the record as ECF 1-3.

15. On February 28, 2023, the Loudoun Circuit Court entered the Agreed Order, sustaining the Plea in Bar, and dismissing NCC PS from the Second Lawsuit with prejudice. *See* ECF 1-3.

16. On or about May 19, 2023, MacDonald filed a claim for benefits in the Virginia Worker's Compensation Commission seeking benefits arising from the Incident (the "Underlying Proceeding"). *See* ECF 1-4.

17. Eastern issued worker's compensation policy number 01-0000085699-00 to NCC EE, LLC as the first named insured for the period from May 17, 2014 through May 17, 2015 (the "Policy"). NCC PS is identified as an insured under the Policy. The Policy is incorporated herein and appears in the record as ECF 1-5.

18. The Policy contains the following pertinent provisions:

## PART FOUR
## YOUR DUTIES IF INJURY OCCURS

Tell us at once if injury occurs that may be covered by this policy. Your other duties are listed here.

1. Provide for immediate medical and other services required by the workers compensation law.

2. Give us or our agent the names and addresses of the injured persons and of witnesses, and other information we may need.

3. Promptly give us all notices, demands and legal papers related to the injury, claim, proceeding or suit.

4. Cooperate with us and assist us, as we may request, in the investigation, settlement or defense of any claim, proceeding or suit.

5. Do nothing after an injury occurs that would interfere with our right to recover from others.

6. Do not voluntarily make payments, assume obligations or incur expenses, except at your own cost.

ECF 1-5 at Policy Form WC 00 00 00 B at 4-5 of 6.

19. On May 25, 2023, Eastern was first notified of the Incident giving rise to the First Lawsuit, the Second Lawsuit and the Underlying Proceeding.

20. Eastern's investigation has determined that MacDonald is not a statutory employee pursuant to Virginia Code Section 65.2-302.

21. Eastern's investigation has also determined that MacDonald's injuries did not arise out of and in the course of her employment with NCC PS.

22. The factual and/or legal conclusions set forth in the Agreed Order bars Eastern, under the doctrine of *res judicata*, from relitigating whether MacDonald is a statutory employee pursuant to Virginia Code Section 65.2-309 and whether her alleged injuries arose out of and in the course of employment such that Eastern's rights under the Policy in relation to the Underlying Proceeding have been materially prejudiced.

23. Eastern owes no duty to defend or indemnify either NCC PS in the Underlying Proceeding because NCC PS substantially and materially breached its duties under the Policy.

24. NCC PS substantially and materially breached its duties under the Policy by agreeing in the Second Lawsuit that MacDonald is a statutory employee of NCC PS.

25. NCC PS substantially and materially breached its duties under the Policy by agreeing in the Second Lawsuit that MacDonald's injuries arose out of and in the course of her employment with NCC PS.

26. NCC PS substantially and materially breached its duties under the Policy by filing the Agreed Order in the Second Lawsuit before notifying Eastern of the Incident.

27. Eastern is defending NCC PS against the claim asserted in the Underlying Proceeding pursuant to a full and complete reservation of rights.

## COUNT I - DECLARATORY RELIEF

28. Eastern realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 27 above.

29. Eastern owes no duty to defend or indemnify NCC PS for the claims and allegations asserted in the Underlying Proceeding.

30. The Policy requires as a condition to coverage that NCC PS promptly give Eastern all notices, demands and legal papers related to the injury, claim, proceeding or suit.

31. NCC PS substantially and materially breached its obligation under the Policy to promptly give Eastern all notices, demands and legal papers related to the Incident, the First Lawsuit, and the Second Lawsuit before agreeing to the Agreed Order such that Eastern owes no duty to defend or indemnify NCC PS in connection with the Underlying Proceeding.

32. The Policy requires as a condition to coverage that NCC PS not voluntarily make any payment, assume any obligation or incur any expense, except at NCC PS' own cost.

33. NCC PS substantially and materially breached its obligation under the Policy to not voluntarily make any payment, assume any obligation or incur any expense, except at its own cost, by agreeing in the Second Lawsuit that MacDonald is a statutory employee of NCC PS such that Eastern owes no duty to defend or indemnify NCC PS in connection with the Underlying Proceeding.

34. NCC PS substantially and materially breached its obligation under the Policy to not voluntarily make any payment, assume any obligation or incur any expense, except at its own cost, by agreeing in the Second Lawsuit that MacDonald's injuries arose out of and in the course of her employment with NCC PS such that Eastern owes no duty to defend or indemnify NCC PS in connection with the Underlying Proceeding.

35. An actual controversy exists as to the existence and scope of liability insurance coverage afforded under the Policy for the claims and allegations asserted against NCC PS in the Underlying Proceeding.

36. Eastern is entitled to a declaration that coverage is barred under the Policy for the claims and allegations asserted against NCC PS in the Underlying Proceeding such that Eastern owes no duty to defend or indemnify NCC PS under the Policy in connection with the Underlying Proceeding.

**COUNT II - BREACH OF CONTRACT**

37. Eastern realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 36 above.

38. NCC PS owed a duty under the Policy to not voluntarily make any payment, assume any obligation or incur any expense, except at NCC PS' own cost.

35. NCC PS substantially and materially breached its obligation under the Policy to not voluntarily make any payment, assume any obligation or incur any expense, except at its own cost, by agreeing in the Second Lawsuit that MacDonald is a statutory employee of NCC PS.

39. NCC PS substantially and materially breached its obligation under the Policy to not voluntarily make any payment, assume any obligation or incur any expense, except at its own cost, by agreeing in the Second Lawsuit that MacDonald's injuries arose out of and in the course of her employment with NCC PS.

40. As a direct and proximate result of NCC PS's material breach of the Policy, Eastern has been damaged, including but not limited to defenses costs and expenses incurred by Eastern to defend NCC PS in connection with the Underlying Proceeding and any award in favor of MacDonald that Eastern may be required to satisfy under the Policy in connection with the Underlying Proceeding.

WHEREFORE, Plaintiff Eastern Alliance Insurance Company, respectfully prays for the following relief:

    a. That this Court declare that Eastern Alliance Insurance Company owes no duty to defend NCC PS in connection with the Underlying Proceeding.

    b. That this Court declare that Eastern Alliance Insurance Company owes no duty to indemnify NCC PS in connection with the Underlying Proceeding.

    c. That this Court enter judgment in favor of Eastern and against NCC PS for breach of contract, and award compensatory damages to Eastern in an amount in excess of $75,000.

      d.      That this Court grant such other relief as may be warranted, just, necessary and proper under the circumstances.

Dated: October 3, 2024

Respectfully submitted,

By: */s/ Thomas S. Garrett*
    Thomas S. Garrett (VSB No. 73790)
    Josephine A. Battles (VSB No. 98097)
    Harman Claytor Corrigan & Wellman
    P.O. Box 70280
    Richmond, VA 23255
    Phone:   (804) 747-5200
    Fax:      (804) 747-6085
    tgarrett@hccw.com
    jbattles@hccw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of October, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Thomas S. Garrett*